DANIEL RYAN FALKENSTEIN,

        Plaintiff,

                                Case No. 21-cv-1366-pp

   v.

COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,

        Defendant.

---

**ORDER GRANTING PLAINTIFF'S AMENDED MOTION FOR LEAVE TO
PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 6)**

---

The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying his claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. He also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. The court ordered the plaintiff to file an amended motion for leave to proceed without prepaying the filing fee, dkt. no. 4, and the plaintiff filed that motion, dkt. no. 6.

To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

Based on the facts in the plaintiff's affidavit, the court concludes that he does not have the ability to pay the filing fee. The request to proceed without prepaying the filing fee indicates that the plaintiff is not employed and he is not married. Dkt. No. 6 at 1. The plaintiff did not check either yes or no when

1

asked whether he has any dependents he is responsible for supporting, and he did not list any dependents, id., so the court will assume that he does not support anyone other than himself. The plaintiff's original request listed no income from wages or salary or any other source, dkt. no. 2 at 2; the amended request states that the plaintiff "ha[s] about 2000 on a debit card," dkt. no. 6 at 2, but the plaintiff does not explain where that balance came from. The original motion listed total expenses of $700, but only showed $500 for rent, dkt. no. 2 at 2-3; the amended motion lists the same amount of total expenses, but indicates that in addition to his rent payment, the plaintiff has $200 in other household expenses, dkt. no. 6 at 2-3. Under the other circumstances section of the request, the plaintiff has listed "internet 60$/electric 60$/cat food/clothes." Dkt. No. 6 at 4. This is presumably an itemization of the $200 the plaintiff listed under other household expenses. The plaintiff does not own his home, a car, or any other property of value; he has no cash on hand or in a checking or savings account. Id. at 3-4. The plaintiff still has not provided the court with information about the source of the funds he lives on and uses to pay for his necessities but given the fact that the plaintiff does not have a lawyer representing him, the court finds he has demonstrated that he cannot pay the $350 filing fee and $52 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person

may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff has filed this district's form Social Security complaint, indicating that he seeks review of an unfavorable final decision of the Commissioner and that he believes the Commissioner's unfavorable conclusions and findings of fact are not supported by substantial evidence and/or are contrary to law and regulation. Dkt. No. 1 at 3. The plaintiff states, "Since January 2020 i feel light headed upon standing for more then 45 minutes. I have told my neuroligist, my primary doctor, and even my phyciatrist and they don't know what to make of it and have provided no solutions." Id. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's amended motion for leave to proceed without prepaying the filing fee. Dkt. No. 6.

Dated in Milwaukee, Wisconsin this 27th day of December, 2021.

**BY THE COURT:**

_____

**HON. PAMELA PEPPER**
**Chief United States District Judge**

3